UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

STEVEN PREWITT, an individual,

    Plaintiff,

v.

AKIBA ANTIQUES JR LLC,
a Florida Limited Liability Company, and
JONATHAN AKIBA, individually,

    Defendants.
_____/

## **COMPLAINT**

1. Plaintiff, STEVEN PREWITT (hereinafter referred to as "Plaintiff"), is an individual residing in Broward County, Florida.

2. At all times material to this Complaint, Defendants, AKIBA ANTIQUES JR LLC, a Florida Limited Liability Company, and JONATHAN AKIBA, individually, have owned and operated an antiques business specializing in buying selling antiques with Defendants' principal location at 8 N. Federal Highway, Dania Beach, Florida 33004 in Broward County.

3. Defendant, JONATHAN AKIBA, at all times material to this Complaint owned and managed AKIBA ANTIQUES JR LLC and Defendant AKIBA regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of AKIBA ANTIQUES JR LLC. By virtue of such control and authority, Defendant AKIBA is an employer of Plaintiff as defined

by the FLSA, 29 U.S.C. §203(d).

4. Plaintiff brings this action for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

6. All of the events, or a substantial part of the events, giving rise to this action, occurred in Broward County, Florida, within the jurisdiction of the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

7. At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, AKIBA ANTIQUES JR LLC had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, AKIBA ANTIQUES JR LLC had employed two (2) or more employees who, *inter alia*, regularly: (a) handled, worked with, and sold items such as lamps, clocks, paintings, sculptures, vases, mirrors, chairs, and other antiques including but not limited to sales and purchases through online and telephone auctions with third-party vendors in other States and countries outside of Florida, including through the auction businesses Auctionzip, Liveauctioneers, Ebay, and Invaluable; (b) handled and worked with office equipment such as a computer, fax machine, telephones, as well as supplies such as paper, pens, UPS and/or U.S. Postal Service shipping materials, all of which were goods and/or materials moved in or produced for commerce; and (c) processed credit, debit, and/or electronic payments by and for Defendants' customers and as part of auctions through banks and/or merchant services

companies including but not limited to VISA, Mastercard American Express, and Discover.

8. Based upon information and belief, the annual gross sales volume of AKIBA ANTIQUES JR LLC was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019.

9. At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, AKIBA ANTIQUES JR LLC has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. In approximately mid-June 2018, Defendants hired Plaintiff in the position known as "Floor Manager" on an hourly basis at the regular rate of $10.00 per hour to perform non-exempt manual labor for Defendants' antique business in Dania Beach, Florida.

11. During the three (3) year statute of limitations period between approximately June 2018 and December 2019, Plaintiff worked as an hourly employee at the rates of $10.00 per hour between approximately mid-June 2018 and mid-December 2018 followed by $11.00 per hour between approximately mid-December 2018 and early December 2019 while Plaintiff's primary job duties for Defendants consisted of non-exempt manual labor such as cleaning, making repairs, inventory, updating Defendants' antiques showroom, assisting with pickups and deliveries, and running errands.

12. Throughout Plaintiff's employment with Defendants during the three (3) year statute of limitations period between approximately June 2018 and December 2019, Plaintiff regularly worked in excess of Forty (40) hours per week but Defendants failed to pay Plaintiff time and one-half wages for all of his actual overtime hours worked each week, with Defendants instead paying Plaintiff straight-time wages for his overtime hours each week.

13.     More specifically during the three (3) year statute of limitations period between approximately June 2018 and December 2019, Plaintiff regularly performed non-exempt manual labor for Defendants approximately Five (5) days per week with start times of between approximately 8:30 to 8:45 a.m. and stop times of between approximately 6:00 to 7:00 p.m., regularly working an average of between approximately Forty-Five (45) to Fifty (50) hours per week.

14.     Subject to discovery, based upon Defendants paying Plaintiff at the rate of $10.00 per hour for all hours worked each week between approximately mid-June 2018 and mid-December 2018 with straight-time wages for his hours worked in excess of Forty (40) hours per week during approximately Twenty-Five (25) weeks and at the rate of $11.00 per hour for all hours worked including Plaintiff's overtime hours worked for Defendants during approximately Forty-Seven (47) work weeks between approximately mid-December 2018 and early December 2019, if Plaintiff is owed an average of approximately of Five (5) to Ten (10) overtime hours per week from Defendants at the half-time rates of $5.00 per hour and $5.50 per hour, Plaintiff's unpaid overtime wages total between approximately **$1,917.50** and **$3,835.00** [($5.00/hour x 5-10 OT hours/week x 25 weeks = $625.00 to $1,250.00) + ($5.50/hour x 5-10 OT hours/week x 47 weeks = $1,292.50 to $2,585.00) = $1,917.50 to $3,835.00].

15.     Based upon information and belief, records of start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff between approximately June 2018 and December 2019 are in the possession, custody, and/or control of Defendants.

16.     At all times material to this Complaint, Defendants had knowledge of the hours worked by Plaintiff in excess of Forty (40) hours per week between approximately June 2018 and December 2019, but Defendants nonetheless willfully failed to compensate Plaintiff at time and

4

one-half of his applicable regular rates of pay for all of Plaintiff's overtime hours worked for Defendants, with Defendants instead accepting the benefits of the work performed by Plaintiff without paying the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

17. The complete records reflecting the compensation paid by Defendants to Plaintiff between approximately June 2018 and December 2019 are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

18. Plaintiff, STEVEN PREWITT, readopts and realleges the allegations contained in Paragraphs 1 through 17 above.

19. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for Defendants as an hourly, non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately June 2018 and December 2019.

20. Defendants knowingly and willfully failed to pay Plaintiff at time and one-half of his applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between approximately June 2018 and December 2019.

21. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff with time and one-half wages for all of his actual overtime hours worked between approximately June 2018 and December 2019 based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and Defendants instead paying straight-time times for the overtime hours that Defendants knew had been worked

by Plaintiff each week for the benefit of Defendants.

22. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

23. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff, as a result of which Plaintiff is entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

24. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

25. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, STEVEN PREWITT, demands judgment against Defendants, jointly and severally, AKIBA ANTIQUES JR LLC and JONATHAN AKIBA, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated:  December 23, 2019                Respectfully submitted,

By:  **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail:  employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Akiba Antiques Jr LLC and Jonathan Akiba**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*steven a. prewitt*

Steven Prewitt